IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| MACK M. SMART, *et al.*, Plaintiffs, | |
| v. | Civil Action No. 10-cv-00320-AW |
| DECISION ONE MORTGAGE COMPANY, LLC, *et al.*, Defendants. | |

**Memorandum Opinion**

The following motions are currently pending before the Court: (1) motion to dismiss by Defendants Cohn, Goldberg & Deutsch, LLC ("Cohn LLC") and Edward Cohn, Stephen Goldberg, Richard Solomon, and Richard Rogers ("individual Defendants"), Doc. No. 15, (2) motion to dismiss by Decision One Mortgage Company, LLC ("Decision One"), Doc. No. 27, (3) motion to dismiss and compel arbitration by Bank of America and Countrywide Home Loans ("Countrywide"), Doc. No. 35, (4) supplemental motion to dismiss by Cohn LLC and the individual Defendants, Doc. No. 36, (5) Plaintiffs' motion to strike the supplemental motion to dismiss, Doc. No. 41, and (6) Plaintiffs' motion for leave to file the Second Amended Complaint, Doc. No. 50.[1]

On February 28, 2011, the Court held a hearing that focused on the pending motions to compel arbitration. For the reasons stated on the record, the Court determined that Bank of America, Countrywide, Cohn LLC, and the individual Defendants' motions to compel arbitration

---

[1] Plaintiffs' notice of voluntary dismissal as to Defendant Free Star Title & Escrow, Inc. was improperly docketed as a motion. *See* Doc. No. 13.

1

are well-founded. At the conclusion of the hearing, the Court expressed its intention to order the entire case to go to arbitration.[2]

Upon further reflection, the Court will limit its order compelling arbitration to the Defendants who requested it. The Arbitration Agreement ("Agreement") only authorizes the Court to order arbitration of a claim "upon election by Lender or by [borrower]." Doc. No. 35, Ex. A at 1. As the Court concluded at the hearing, agents of the lender—such as Bank of America or Countrywide—may also elect to enforce the Agreement. However, the Court may not compel Parties to arbitrate claims between them when neither elects to do so. Decision One, the lender, specifically requested that the Court resolve the case on the merits rather than compel arbitration. Accordingly, the Court will revise the ruling delivered at the hearing and will not compel arbitration as to the Defendants who have not elected arbitration: Decision One and Gateway Mortgage Services Inc. ("Gateway").

The merits-related motion to dismiss filed by the Defendants seeking arbitration, *see* Doc. No. 15, is no longer properly before the Court. The arbitrator, not the Court, must resolve any issues going to the merits. Thus, that motion will be denied as moot.

However, the Court must still resolve Decision One's motion to dismiss. Decision One's motion is based on Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The purpose of a motion to dismiss is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Ordinarily a complaint need only satisfy the minimal pleading requirement of Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." However, when the allegations in the complaint sound in fraud, the complaint "must state with particularity the circumstances

---

[2] The Court also determined that Free Star Title & Escrow, Inc. ("Free Star") is no longer a Defendant in the case, and that the Plaintiffs' continued inclusion of Free Star in the Amended Complaint and Proposed Second Amended Complaint is a typo. Accordingly, Free Star will be terminated as a Defendant.

constituting fraud or mistake." Fed. R. Civ. P. 9(b). When the heightened pleading requirement of Rule 9(b) applies, the plaintiff must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

The only count of the Complaint that implicates Decision One is Count 1. The Complaint has undergone some evolution over the course of the case. The Court will base its analysis on the most updated form of the Complaint: the Proposed Second Amended Complaint (hereinafter "Complaint").

Count I lists two legal grounds for recovery: the Maryland Consumer Protection Act ("CPA"), MD. CODE ANN., COMM. L. § 13-301, *et seq.*, and "Predatory Lending Practices." Plaintiffs never specify, either in the Complaint or in their opposition to Decision One's motion to dismiss, what they mean by "Predatory Lending Practices," despite Decision One's repeated contention that no such cause of action exists under Maryland law. *See, e.g.*, *Davis v. Wilmington Fin., Inc.*, No. 09-1505, 2010 WL 1375363 at *7 (D. Md. Mar. 26, 2010) (dismissing claim because "vague allegations and labels of 'predatory lending'" fail to state a claim upon which relief can be granted).

The remaining issue is whether the allegations in the Complaint state a claim under the CPA. The CPA prohibits "[u]nfair or deceptive trade practices" including, among other things, "[d]eception, fraud, . . . or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with . . . [t]he promotion or sale of any consumer goods . . . or consumer service." § 13-301(9)(i). The prohibitions of the CPA—and the allegations contained in Count 1—sound in fraud, which means that the heightened pleading

3

requirements of Rule 9(b) apply. *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 n.10 (D. Md. 2009).

Count 1 fails to identify with the required level of specificity any examples of deception or inadequate disclosure on the part of Decision One. Several paragraphs of the Complaint accuse Decision One of failing to adequately inform Plaintiffs of the nature of their adjustable rate mortgage. However, the documents provided by the lender and signed by Plaintiffs at closing make very clear that the interest rate on the mortgage varies over time, and they clearly explain what the interest rate and mortgage payment will be during different stages of loan repayment. *See* Doc. No. 27, Exs. E-F, H-I.[3]

The Complaint also alleges that Decision One failed to explain the Balloon Rider to the Note signed at closing, because they did not specifically discuss it with Plaintiffs to ensure that they understand its implications. However, Plaintiffs never provide any support for the proposition that Decision One was under a duty to verbally explain these terms or inquire into the Plaintiffs' understanding. It is sufficient that the one-page document was written in clear language with no fine print and that Plaintiffs signed at the bottom of the page to acknowledge that they had read and understood the disclosure. *See* Doc. No. 27, Ex. J.

The other factual allegations contained within Count 1 suggest that Decision One failed to fulfill its duty to ensure that the loan was suitable for Plaintiffs. However, Plaintiffs make no effort to identify any provision in the CPA that imposes a duty on Decision One to offer a suitable loan to Plaintiffs or to look out for their best interests. Nor has the Court been able to locate such a provision.

---

[3] It is appropriate to consider these documents at the motion to dismiss stage, even though they were not attached to the Complaint, because the Complaint extensively discusses the disclosures (or lack thereof) provided by Decision One at closing, making the documents containing the disclosures "integral to the complaint." *Sec. of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Indeed, the only argument in favor of such a duty that Plaintiffs provide in their opposition to Decision One's motion to dismiss is based on a provision of the Maryland Code that the Complaint itself does not cite. *See* Doc. No. 33 at 4 (citing MD. CODE ANN., COMM. L. § 12-127). The purpose of the pleading requirements contained in the Federal Rules of Civil Procedure, minimal though they are, is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)). Thus, it is not acceptable to rely on one legal theory in the Complaint, and then an entirely different one in the brief opposing dismissal. Plaintiffs have had numerous opportunities to articulate a viable theory of recovery against Decision One, and they have failed to do so. Thus, Decision One's motion to dismiss will be granted.

The only part of the case that will remain open before this Court is the Defendant that has been held in default: Gateway. Default has been entered against the Defendant, *see* Doc. No. 46, but Plaintiffs have not yet filed a motion for default judgment, along with proof of the damages they are requesting from Gateway. The Court does not know whether this Defendant is a viable entity or not, but in order to bring this case to a conclusion, the Court will order Plaintiffs to file a motion for default judgment, or explain why such a motion is inappropriate at this time, within 10 days from the entry of this order.

A separate order will follow memorializing the decisions made at the hearing and in this memorandum opinion.

|  March 7, 2011  | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Judge |